PAPAN *v.* ARKANSAS LIGHT & POWER COMPANY.

Opinion delivered November 16, 1925.

1. INTEREST—STAY OF PROCESS ON JUDGMENT.—Where part of a judgment was stayed by order of the court until a garnishment against the judgment-debtor should be dismissed, and the judgment-creditor took no appeal from such order, he cannot hold the judgment-debtor liable for interest on the amount so stayed where the latter paid the remainder of the judgment which was so stayed as soon as the garnishment was dismissed.

2. COURTS—CONTROL OVER PROCESS.—Courts have jurisdiction to restrain the issuance and execution of their own process.

Appeal from Prairie Circuit Court, Southern District; *George W. Clark,* Judge; affirmed.

STATEMENT OF FACTS.

This is an application by the Arkansas Light & Power Company to restrain John A. Papan from suing out any further execution on the judgment against it in the circuit court. The material facts are undisputed and are as follows:

On February 11, 1922, John A. Papan instituted an action against the Arkansas Light & Power Company in the circuit court to recover judgment for $15,675. On the same day a writ of garnishment was served upon the Arkansas Light & Power Company in a case in the chancery court wherein the Bank of Stuttgart & Trust Company was plaintiff and John A. Papan was the defendant. This writ of garnishment was issued before a decree was had in the case and the statutory bond required by law was given.

In its answer to the suit in the circuit court against it by John A. Papan, the Arkansas Light & Power Company set up the fact that it had been garnished in the suit above referred to, but made no tender or offer of payment, and asked for no tender or relief of any kind against the garnishment.

At the March term, 1922, of the circuit court, John A. Papan recovered judgment against the Arkansas Light

& Power Company in the sum of $11,128.94 with interest from the date of the rendition of the judgment until paid at the rate of 8 per cent. per annum. At the time the judgment was rendered the garnishment proceedings in the chancery court had not been disposed of, and a clause was inserted in the judgment obtained by Papan against the Arkansas Light & Power Company in the circuit court which reads as follows:

"That a writ of garnishment has been served on the defendant herein on February 11, 1922, in a certain cause pending in the chancery court, Arkansas County, Arkansas, in which the Bank of Stuttgart & Trust Company is plaintiff, and John A. Papan the plaintiff herein is defendant; that no execution shall issue upon $6,000 of the amount due under this judgment until dismissal of said writ of garnishment."

In a short time after the judgment was rendered against it in the circuit court, the Arkansas Light & Power Company paid Papan the sum of $5,128.94, leaving due him on said judgment a balance of $6,000. The chancery court decided in favor of Papan in the suit in which garnishment proceedings were had, and this operated to discharge the garnishment. Thereupon the Arkansas Light & Power Company offered to pay Papan $6,000 in full of the judgment against it in his favor in the circuit court. Papan declined to accept the $6,000 as full payment, but demanded interest at the rate of 8 per cent. per annum from the date of the judgment until the date of the tender, which amounted to $906.65. Papan then accepted the payment of $6,000 and gave receipt for it expressly stating that the payment was without prejudice to his claim for interest on the judgment. Papan then caused an execution to be issued out of the circuit court against the Arkansas Light & Power Company for the amount of said interest.

The Arkansas Light & Power Company filed its petition in the circuit court, stating the facts above set

forth and asking for an injunction against Papan to restrain the levy of said execution.

The circuit court issued a temporary restraining order, and, upon the final hearing of the case upon the facts stated above, expressed the opinion that the remedy of Papan for the collection of his said interest was upon the garnishment bond in the case of the Bank of Stuttgart & Trust Company against himself, and that he was not entitled to recover the interest against the defendant Arkansas Light & Power Company.

The temporary restraining order was made perpetual, and Papan has duly prosecuted an appeal to this court.

*George C. Lewis,* for appellant.

*John L. Ingram,* for appellee.

HART, J., (after stating the facts). The judgment of the circuit court was correct. The Bank of Stuttgart & Trust Company sued out a writ of garnishment against Arkansas Light & Power Company in a case wherein it was the plaintiff and John A. Papan was the defendant. The garnishment proceedings caused the money owed by the Arkansas Light & Power Company to Papan in the sum of the amount sued for by the Stuttgart Bank & Trust Company to be tied up. This was without the fault of the Arkansas Light & Power Company, for it could do nothing until a decree was rendered in the case of the Bank of Stuttgart & Trust Company against John A. Papan, in which it was garnished.

In the meantime John A. Papan recovered judgment against the Arkansas Light & Power Company in the sum of $11,128.94. The judgment recites the issuance of the garnishment in the case of which the Bank of Stuttgart & Trust Company is plaintiff and John A. Papan is defendant. It then provides that no execution shall issue upon $6,000 of the amount due under the judgment until the dismissal of the said writ of garnishment.

This had the effect to withhold the payment of the $6,000 until the garnishment proceedings were disposed

of. No appeal was taken from this judgment. If Papan thought that that part of the judgment holding up the execution upon $6,000 of the amount recovered by him was erroneous, he should have prosecuted an appeal to reverse the judgment in this respect. Not having done so, he can not now complain that it was erroneous, if indeed it was so.

We can not perceive how the Arkansas Light & Power Company could have done anything in the garnishment proceedings which would have helped Papan any. If the garnishee had paid the money into the court, it would not have been paid to Papan. It would have been held in the registry of the court until the case was disposed of. As soon as the Arkansas Light & Power Company was released in the garnishment proceedings by the decree of the chancery court, it tendered the amount tied up in the garnishment proceedings to Papan.

Under the terms of the judgment in the circuit court Papan had no right to an execution until the dismissal of the writ of garnishment. It was his duty to have accepted the $6,000 in full payment of his judgment, and under the circumstances of the case he was not entitled to an execution against the Arkansas Light & Power Company for the interest claimed by him.

The circuit court had inherent jurisdiction over process issued out of its court, and the order restraining Papan from issuing the execution against the Arkansas Light & Power Company was properly granted.

The judgment will therefore be affirmed.